IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JEFFREY M. SMITH and SARAH A. SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-0010 |
| ) | |
| BRIAN OSTRANDER and NORMAN JONES, ) | |
| ) | |
| Defendants. ) | |

**Appearances:**

**DAVID J. SHLANSKY, ESQ.**
Shlansky Law Group, LLP
Chelsey, MA
　　*For Plaintiffs Jeffrey and Sarah Smith,*

**CHRISTOPHER ALLEN KROBLIN, ESQ.**
Kellerhals Ferguson Kroblin PLLC
St. Thomas, U.S.V.I.
　　*For Plaintiffs Jeffrey and Sarah Smith,*

**DAVID J. CATTIE, ESQ.**
The Cattie Law Firm, P.C.
St. Thomas, U.S.V.I.
　　*For Defendant Brian Ostrander,*

**CHARLOTTE K. PERRELL, ESQ.**
Dudley Newman Feuerzeig LLP
St. Thomas, U.S.V.I.
　　*For Defendant Norman Jones.*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge.**

　　**BEFORE THE COURT** is Plaintiffs Jeffrey M. Smith and Sarah A. Smith's ("the Smiths") Motion for Stay of Order Compelling Arbitration Pending Appeal, ECF No. 36, the Emergency Motion for a Temporary Stay of Arbitration Pending a Decision on the Pending Motions, ECF No. 44, Motion for Extension of Time to File Notice of Appeal, ECF No. 33, and the Motion to

Certify for Interlocutory Appeal. (ECF No. 28.) For the reasons stated below, the Court will deny all four of the Plaintiffs' motions.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiffs Jeffrey M. Smith and Sarah A. Smith are the owners of a vacation villa in Botany Bay, St. Thomas, Virgin Islands.[1] (ECF No. 1 at 3.) Defendant Brian Ostrander ("Ostrander") is the President of Ostrander Insurance, LLC as well as the owner and managing member of Bayside Construction, LLC ("Bayside"). *See id.* Ostrander's codefendant, Norman Jones ("Jones"), is an attorney. *Id.* Ostrander and Jones also jointly owned the company Cat 5 Solutions, LLC ("Cat 5 Solutions"), an entity that provided insurance services. *Id.*[2]

During the month of September 2017, Hurricanes Irma and Maria passed through St. Thomas, causing significant damage to the Smiths' vacation property. *Id.* Following the hurricanes, the Smiths retained Jones as their attorney to assist them in filing an insurance claim on the property. (ECF No. 1 at 3.) Jones then introduced the Smiths to Cat 5 Solutions and Ostrander to help assist the Smiths with the insurance claim process. Ostrander and Jones, operating as Cat 5 Solutions, subsequently prepared and submitted an insurance claim on the Smiths' behalf. *Id.* at 4. The Smiths' insurer agreed to pay $738,516.83 to cover the losses resulting from the hurricane damage. *Id.* The Smiths paid $43,978 of the proceeds to Cat 5 Solutions for procuring the settlement with the insurance company. *See id.*

Thereafter, the Smiths contracted with Ostrander's company, Bayside, to make repairs and improvements on the property.[3] *Id.* at 6. The contract between the Smiths and Bayside included an arbitration clause which states in pertinent part:

> The Parties agree to cooperate in avoiding and informally resolving their disputes. Warranty procedures first apply to any unresolved warranty claims. Any warranty claim that thereafter remains unresolved and any other claim or dispute of any kind or nature between the Parties arising out of or relating to this Agreement, or the breach of it, or the Project must be resolved by binding arbitration . . .

---

[1] The property at issue is Consolidated Parcel 1-2-A, Botnay Bay, St. Thomas, U.S.V.I., 00802.

[2] Cat 5 Solutions is no longer an active business and has been dissolved. *See* ECF No. 1 at 4.

[3] Jones has no ownership interest in Bayside.

(ECF No. 12-1.)

After Bayside began making repairs on the vacation property, a dispute eventually arose as the Smiths were dissatisfied with the quality of Bayside's work. (ECF No. 1 at 12-14.) The dispute eventually resulted in arbitration between the Smiths and Bayside. (ECF No. 9-5.) Additionally, the Smiths also filed the instant suit against Jones and Ostrander in their individual capacities on January 22, 2021. (ECF No. 1.)

According to the Smiths, Ostrander and Jones both breached their fiduciary duty to the plaintiffs by using information obtained for the purpose of filing the insurance claim to fraudulently induce the couple into engaging Bayside, a company the Smiths claim was not qualified to perform the work on their property and overcharged them for substandard repairs and improvements. *Id.* at 15-17. In light of these allegations, the Smiths currently assert three claims in the above captioned case. As to both Ostrander and Jones, they allege fraudulent inducement and breach of fiduciary duty. *Id.* As to Ostrander, the Smiths also allege "illegal conduct." *Id.*

On February 25, 2021, Ostrander filed a motion to compel arbitration between him and the Smiths.[4] (ECF No. 9.) According to Ostrander, the Smiths are not permitted to avoid arbitrating the claims against him because the issues raised are governed by the arbitration provision contained in the Smith-Bayside contract. *Id.* While Ostrander's motion acknowledged he was not an express party to the contract, the motion maintained that he was a third-party beneficiary to the agreement because he was the sole member, manager, and registered agent, as well as the party who facilitated the contract between the Smiths and Bayside.[5] *See id.* at 2-3.

The Smiths disagreed that Ostrander may rely on a third-party beneficiary theory because he is not an intended beneficiary but rather, at most, an incidental beneficiary to the Smith-Bayside contract. (ECF No. 10 at 8.) Therefore, because only intended third-party beneficiaries may enforce a contract they are not a party to, the Smiths asserted that

---

[4] Jones filed a separate motion to dismiss arguing a different basis for relief on July 12, 2021. (ECF No. 24.)

[5] Ostrander also argued in his motion to compel arbitration that he may enforce the arbitration clause under an equitable estoppel theory. *See* ECF No. 9 at 7. However, because the Magistrate Judge did not address the argument, the Court will not consider the merits of the theory. *See* ECF No. 27.

Ostrander may not compel arbitration related to these proceedings. *See id.* at 9-10. To demonstrate that Ostrander is not an intended third-party beneficiary, the Smiths focused on the language in the arbitration clause of the Smith-Bayside contract which states: "any other claim or dispute of any kind or nature between the Parties . . . shall be resolved by binding arbitration. . .." (ECF No. 10-1 at 7.) The Smiths pointed to the fact that the clause limits arbitration to disputes "between the Parties," and therefore, by its own terms, limits arbitration to disputes exclusively between the Smiths and Bayside. (ECF No. 10 at 3.) In addition, they posit that no other language in the contract reflects that the parties either expressly or impliedly intended that any party other than Bayside and the plaintiffs were to benefit from the contract. *See id.*

On August 17, 2021, Magistrate Judge Miller issued a Memorandum Opinion and Order granting Ostrander's motion to compel arbitration. (ECF No. 27.) In the Opinion, Judge Miller found that the claims against Ostrander were subject to arbitration given the breadth of the arbitration provision in the Smith-Bayside contract and Ostrander's third-party beneficiary status. *See id.* at 8-10. The Magistrate Judge determined that Ostrander has standing to enforce the contract as a third-party beneficiary because Ostrander is the owner of Bayside and he acted as an agent of Bayside when he signed the contract. *See id.* at 11. Additionally, given that communications between Bayside and the Smiths were made through Ostrander, the Magistrate Judge concluded that the Smiths understood that Ostrander was the principal, and therefore, also understood that Ostrander was an intended beneficiary of Bayside's agreement. *Id.* Accordingly, because the Magistrate Judge found that Ostrander had standing to enforce the Smith-Bayside contract as a third-party beneficiary, she also found he possessed the right to enforce the arbitration provision contained within the contract. As such, the Magistrate Judge compelled arbitration and stayed all judicial proceedings in this case until the conclusion of arbitration. *Id.* at 12.

The Smiths did not object to the Magistrate Judge's August 17th Order. Instead, the plaintiffs filed a certificate of appealability and notice of appeal one month later.[6] (ECF Nos.

---

[6] Ostrander filed an opposition to the Motion for Certificate of Appealability on October 1, 2021, ECF No. 31, to which the Smiths filed a reply on October 8, 2021. (ECF No. 32.)

28 & 29.) Then on November 9, 2021, the Smiths filed a motion to stay the Magistrate Judge's Order compelling arbitration pending the result of their appeal to the Third Circuit, or alternatively, pending the Court's decision as to the plaintiffs' Motion to Certify.[7] (ECF No. 36.)

On August 3, 2022, the Smiths filed a demand for arbitration with the American Arbitration Association ("AAA"). *See* ECF No. 44. On January 9, 2023, the parties were informed that the AAA had set a preliminary hearing for the upcoming arbitration proceedings. *Id.* at 3. The Smiths sought to delay the proceedings pending the outcome of this Court's decision on whether to stay arbitration. The AAA explained that the arbitration proceedings would move forward as scheduled absent an Order from this Court directing that the proceedings be stayed. *Id.* The AAA gave the Smiths until January 30, 2023, to obtain a stay from this Court. *Id.* In light of the AAA's directive, the Smiths filed an emergency motion on January 23, 2023, for a temporary stay of arbitration pending a decision on the Smiths' outstanding motions. *Id.* Ostrander filed his opposition to the emergency motion on January 26, 2023. (ECF No. 45.) After thorough review and consideration, the Court issued an Order on January 30, 2023, denying the motions to stay the arbitration proceedings. (ECF No. 46.) In the January 30th Order, the Court also informed the parties that a memorandum opinion would follow explaining the Court's decision to deny the stay. *See id.*

The Court will now address its decision to deny the Smiths' motions to stay and address the other related motions.

## II.   LEGAL STANDARD

### A.   Right to Appeal Orders

#### i.   *Right to Appeal Under 28 U.S.C. § 1291*

"Under 28 U.S.C. § 1291, any litigant armed with a final judgment from a lower federal court is entitled to take an appeal." *Arizona v. Manypenny*, 451 U.S. 232, 243 (1981); *see*

---

[7] Ostrander filed an opposition to the Motion to Stay on November 11, 2021, ECF No. 37, to which the Smiths filed a reply on November 18, 2021. (ECF No. 39.)

*Verzilli v. Flexon, Inc.*, 295 F.3d 421, 423 (3d Cir. 2002).[8] While "no verbal formula yet devised can explain prior finality decisions with unerring accuracy or provide an utterly reliable guide for the future," the Supreme Court has provided a useful standard to apply in the vast majority of cases. *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 170 (1974). Generally, for a decision to be final, and therefore, appealable under Section 1291, the decision must "'end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). In other words, "[a] final decision or judgment is '[a] court's last action that settles the rights of the parties and disposes of all issues in controversy. . ..'" *Weber v. McGrogan*, 939 F.3d 232, 236 (3d Cir. 2019) (citing *Final Judgment*, BLACK'S LAW DICTIONARY (10th ed. 2014)). Accordingly, an order will generally only constitute a final judgment under Section 1291 if there are no claims left for the party to adjudicate following the decision. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) ("So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal [under 28 U.S.C. § 1291]."). Because this rule is to be applied strictly, it "may well mean a party must delay appellate review; indeed, 'the possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress.'" *McGrogan*, 939 F.3d at 236 (quoting *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 436 (1985).

### ii.    *Right to Appeal Under 9 U.S.C. § 16 of the Federal Arbitration Act*

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, creates a body of federal substantive law governing arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (citation omitted); *Century Indem. Co. v. Certain Underwriters at Lloyd's, London, subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646*, 584 F.3d 513, 522 (3d Cir. 2009) (citations omitted). The purpose of the FAA was to address the longstanding judicial hostility toward arbitration and ultimately establish a strong federal policy in favor of resolving disputes through the arbitration process. *See Singh v. Uber Tech.*

---

[8] The intent behind the general rule restricting appellate review to final decisions is to avoid "the debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence, but a single controversy." *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 170 (1974).

*Inc.*, 939 F.3d 210, 214 (3d Cir. 2019); *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 219 (3d Cir.

2014). Section 16 of the FAA governs the appealability of orders related to arbitration. *See* 9

U.S.C. § 16. Pursuant to Section 16, a party may appeal:

> (1) an order—
>> (A) refusing a stay of any action under section 3 of this title,
>>
>> (B) denying a petition under section 4 of this title to order arbitration to proceed,
>>
>> (C) denying an application under section 206 of this title to compel arbitration,
>>
>> (D) confirming or denying confirmation of an award or partial award, or
>>
>> (E) modifying, correcting, or vacating an award;
>
> (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or
>
> (3) a final decision with respect to an that is subject to this title.

9 U.S.C. § 16(a). However, "except as otherwise provided in section 1292(b) of title 28,"

parties may not appeal an interlocutory order:

> (1) granting a stay of any action under section 3 of this title;
>
> (2) directing arbitration to proceed under section 4 of this title;
>
> (3) compelling arbitration under section 206 of this title; or
>
> (4) refusing to enjoin an arbitration that is subject to this title.

*Id.* § 16(b).

The provisions under Section 16(a) provide statutory exceptions to the final

judgment rule under Section 1291, and thus, afford parties a right to appeal certain

otherwise non-final arbitration orders. *See Moutain Valley Prop., Inc. v. Applied Risk Servs.,*

*Inc.*, 863 F.3d 90, 93 (1st Cir. 2017) ("In general, only final decisions . . . are appealable.

However, the FAA provides other grounds for appeal.") (internal citation omitted).

### B.  28 U.S.C. 1292(b) Certificates of Appealability

While generally only final judgments are subject to appellate review absent a specific statutory exception, Congress determined that such a rigid rule in all cases might inflict irreparable harm upon litigants in certain instances. *See Bachowski v. Usery*, 545 F.2d 363, 367 (3d Cir. 1976). Therefore, Congress enacted the narrow exception under 28 U.S.C. § 1292(b) to relieve the harsh consequences of the finality rule. *See Coopers & Lybrand*, 437 U.S. at 474. Under Section 1292(b), when an order is otherwise unappealable, a party may still potentially obtain immediate appellate review by seeking a certificate of appealability from the district court. *See id.* Pursuant to Section 1292(b), a district court may certify a non-final order for interlocutory appeal if the order (1) "involve[s] a 'controlling question of law,' (2) offer[s] 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance[s] the ultimate termination of the litigation.'" *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (quoting 28 U.S.C. § 1292(b)).

Given that federal law expresses a "strong policy against piecemeal appeals," the purpose of 1292(b) was to create "a *limited* procedural mechanism for determining the proper governing law where there is a legitimate disagreement among courts with regard to the correct legal principle to apply." *Zygmuntowicz v. Hosp. Invs., Inc.*, 828 F. Supp. 346, 353 (E.D. Pa. 1993) (citing *Freeman v. Kohl & Vick Mach. Works, Inc.*, 673 F.2d 196, 201 (7th Cir. 1982)); *Stanley v. St. Croix Basic Servs., Inc.*, Civ. No. 03-0055, 2008 WL 4861448, at *2 (D.V.I. Nov. 3, 2008) (emphasis added). Accordingly, the Third Circuit has cautioned that certifications of appealability should be issued "sparingly" and only in "exceptional cases." *Milbert v. Bison Lab'y, Inc.*, 260 F.2d 431, 433 (3d Cir. 1958).[9] Not only is the district court to issue certifications sparingly, but a certification of appealability is not mandatory. *See Usery*, 545 F.2d at 368. "[I]ndeed, permission to appeal [under 1292(b)] is wholly within the discretion of the courts." *Id.* Therefore, a court may deny certification "even if the criteria [under Section 1292(b)] are present." *Id.* This deferential policy helps to ensure that such

---

[9] *See also United States v. Woodbury*, 263 F.2d 784, 788 n. 11 (9th Cir. 1959) ("'The legislative history of [Section 1292(b)] clearly shows that in passing this legislation Congress did not intend that the courts abandon the final judgment doctrine and embrace the principle of piecemeal appeals.'") (quoting *Deepwater Expl. Co. v. Andrew Weir Ins. Co.*, 167 F. Supp. 185, 188 (D. La. 1958)).

review will be confined to appropriate cases while also avoiding time-consuming jurisdictional determinations in the court of appeals. *See Coopers & Lybrand*, 437 U.S. at 476.

Consequently, not only must the party seeking certification meet all three requirements set out in Section 1292(b), they must also bear the burden of demonstrating that sufficiently exceptional circumstances are present in the case at bar to depart from the final judgment rule and allow for immediate review. *See F. T. C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014) ("The burden is on the movant to demonstrate that all three requirements are met."); *Hansen v. Schubert*, 459 F. Supp. 2d 973, 1000 (E.D. Cal. 2007) (citing *Coopers & Lybrand*, 437 U.S. at 474-75).

### C.  Standard for a Motion to Stay

Deciding whether to stay proceedings is purely a matter of the district judge's discretion. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). Nevertheless, when considering whether to grant a stay pending an appeal, the Third Circuit has laid out the following four factors for district courts to consider when determining whether a stay is appropriate: "(1) whether the [moving party] has made a strong showing of the likelihood of success on the merits; (2) will the [moving party] suffer irreparable injury absent a stay; (3) would a stay substantially harm other parties with an interest in the litigation; and (4) whether a stay is in the public interest." *In re Revel Ac, Inc.*, 802 F.3d 558, 565 (3d Cir. 2015) (citing *Republic of Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991)). While all four factors should be considered in order to address the unique complexities of each case, the strength of each factor is often critically important to determine whether a stay is appropriate. Therefore, the Third Circuit had established a sliding-scale approach to guide the district courts in weighing each of the factors against one another. *See Constructor Ass'n of W. Pa. v. Kreps*, 573 F.2d 811, 815 (3d Cir. 1978); *Del. River Port Auth. v. TransAmerica Trailer Trans., Inc.*, 501 F.2d 917, 923-24 (3d Cir. 1974). Of course, "[w]here the balance of harms and public interest weigh in favor of a stay and the court deems that the stay movant has made a sufficient showing of success on appeal, a stay should be granted," even if the factors only slightly favor the moving party. *In re Revel AC, Inc.*, 802 F.3d at 569. Conversely, when the opposite is true—the four factors weigh in favor of the

non-moving party—a stay should be denied accordingly. *Id.* However, when the factors are mixed, the sliding-scale approach applies.

Under the sliding-scale approach, the greater "the moving party's likelihood of success on the merits, the less heavily the balance of harms must weigh in its favor, and vice versa." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002); *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) ("The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other."). Thus, "if 'the chance of success on the merits [is only] better than negligible' and the 'possibility of irreparable injury' is low, a stay movant's request fails." *In re Revel AC, Inc.*, 802 F.3d at 570 (alterations in the original) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). In the same vein, "even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the [stay opponent] if a stay is granted, [the moving party] is still required to show, at a minimum, 'serious questions going to the merits.'" *Griepentrog*, 945 F.2d at 153-54 (quoting *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)).

However, if the moving party is unable to make a sufficient showing of (1) a likelihood that they will win on the merits ("significantly better than negligible but not greater than 50%,") and (2) will suffer irreparable harm if a stay is not enforced, "'the inquiry into the balance of hams [and the public interest] is unnecessary, and the stay should be denied without further analysis.'" *In re Revel AC, Inc.*, 802 F.3d at 571 (alterations in the original) (quoting *In re Forty-Eight Insulations*, 115 F.3d 1294, 1300-01 (7th Cir. 1997)).

## III.    DISCUSSION

### A.  The Smiths Do Not Have a Right to Appeal the Magistrate Judge's Order

The Smiths assert that they have a right to appeal the Magistrate Judge's Order compelling arbitration because an "'order compelling arbitration is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate.'" (ECF No. 33.) (quoting *Flintkote Co.*, 769 F.3d at 220) (other citations omitted). While the Smiths do not articulate the significance of an order compelling arbitration constituting a summary disposition, it appears that the Smiths are intending to

argue that a summary disposition of the discrete issue of arbitration is effectively the same as a final disposition of the entire case.

Ostrander, on the other hand, contends that the Smiths have no right to appeal because it has been well established that an order compelling arbitration and staying judicial proceedings is not a final order subject to appeal. (ECF No. 34 at 2.) Moreover, even if the Smiths did possess a right to immediately appeal this type of Order, Ostrander contends the plaintiffs are procedurally barred from making such an appeal. *See id.* at 2-3. Ostrander argues that not only did the Smiths waive their right appeal by failing to timely object to the Magistrate's Order, they also filed their notice of appeal out of time.[10] *Id.*

### i.   *No Right to Appeal Non-Final Orders Under 28 U.S.C. § 1291*

As a preliminary matter, the Smiths are not entitled, as a matter of right, to appeal the Magistrate Judge's August 17th Order under 28 U.S.C. § 1291. To obtain a right to appeal an order under Section 1291, the order in question must be a *final* judgment of the court. *See* 28 U.S.C. § 1291; *see also Cohen*, 337 U.S. at 545 ("Title 28 U.S.C. s 1291, . . . provides, as did its predecessors, for appeal *only* 'from all final decisions of the district courts,' except when direct appeal to this Court is provided.") (quoting 28 U.S.C. § 1292) (emphasis added). However, as the Third Circuit has explained, orders staying proceedings and compelling arbitration are not final because "a ruling on a motion to compel arbitration does not dispose of the case, or any claim or defense found therein. Instead, orders granting this type of motion merely suspend the litigation while orders denying it continue the underlying litigation." *Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 Fed App'x 131, 134 (3d Cir. 2014) (holding that a magistrate judge may grant an order compelling arbitration because such an order is not dispositive and therefore not a final order); *see also PowerShare, Inc., v. Syntel, Inc.*, 597 F.3d 10, 13 (1st Cir. 2010); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1463 (10th Cir. 1988) ("[T]he Constitution requires that Article III Judges exercise final decision-making authority."). In other words, because orders compelling arbitration (that

---

[10] The Smiths argue that the failure to timely appeal the Magistrate Judge's order should be excused because: (1) an extension would inflict no harm on Ostrander; (2) the appeal was only filed one day late; (3) the delay was a result of an inadvertent error by the plaintiffs' attorneys to properly calendar the appeal deadline; (4) and the plaintiffs acted in good faith. *See* ECF No. 33.

also stay proceedings) are not dispositive, they may not constitute a final order of a district court. *See Campbell v. Int'l Bus. Machs.*, 912 F. Supp. 116, 118 (D.N.J. 1996) (quoting *N.L.R.B. v. Frazier*, 966 F.2d 812, 817-18 (3d Cir. 1992)). Therefore, because the Magistrate Judge, in the instant case, issued a non-final order, the Smiths may not pursue an appeal under Section 1291.[11, 12]

### ii.     The Smiths Have No Right to Appeal Under Section 16(a) of the FAA

The Smiths are also not permitted to appeal as a matter of right under the FAA. "Section 16 of the Federal Arbitration Act, enacted in 1988, governs appellate review of arbitration orders." *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 84 (2000). As the Magistrate Judge's Order here was an order to compel arbitration, Section 16 of the Federal Arbitration Act governs, and thus, affords the Smiths a potential additional avenue to a right of appeal. *See* 9 U.S.C. § 16. Section 16 provides in pertinent part:

> "(a) An appeal may be taken from—
>
>> "(1) an order—
>>> . . .
>>> "(C) denying an application under section 206 of this title to compel arbitration,
>>> . . .
>> "(3) a final decision with respect to an arbitration that is subject to this title.
> "(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—
>> . . .
>> "(3) compelling arbitration under section 206 of this title; or. . . .
>
> 9 U.S.C. § 16.

---

[11] The Smiths point to a series of Third Circuit opinions where the Court noted that an order compelling arbitration is in effect a "summary disposition" of the issue to suggest that the Magistrate's Order in this case was a final judgment. *See* ECF No. 33. However, the Third Circuit, in those cases, merely characterized the orders to compel arbitration as summary disposition to determine the standard of review, not to comment on the finality of those orders.

[12] This Order is not appealable under the *Cohen* exception either because an order compelling arbitration is not "effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand*, 437 U.S. at 468. Once the arbitration proceedings are over the district court still has an opportunity to review the arbitration award and vacate the award if the Court ultimately finds that the arbitration clause did not apply. *See Stateside Mach. Co. v. Alperin*, 526 F. 2d 480, 483-84 (3d Cir. 1975) ("arbitration awards are not self-executing. 9 U.S.C. § 9. If arbitration was improper, presumably the court will not enforce the award.").

The Magistrate Judge's Order, at issue in this case, compelled arbitration and stayed the proceedings. *See* ECF No. 27. Therefore, based on the language of Section 16, the Smiths are not entitled to immediately appeal the Magistrate's Order as it is expressly prohibited under Section 16(b)(3). 9 U.S.C. 16(b)(3); *In re Pharmacy Ben. Managers Antitrust Litig.*, 700 F.3d 109, 115 (3d Cir. 2012). While the Supreme Court has acknowledged that an order compelling arbitration may be appealable as a final order pursuant to Section 16(a)(3),[13] that narrow exception does not apply in this instance. According to the Court in *Green Tree*, for an order to be final, the decision must be one that "'ends litigation on the merits and leaves nothing more for the court do but execute the judgment.'" *Green Tree Fin. Corp-Ala.,* 531 U.S. at 86 (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994), and *Coopers & Lybrand*, 437 U.S. at 467) (both quoting *Catlin v. United States*, 324 U.S. at 233) (additional layer of quotations omitted). For an order compelling arbitration to meet that standard, the district court must have also "dismissed all the claims before it." *Id.* at 89. The Magistrate Judge's Order in this case did not dismiss the claims, but rather, stayed the judicial proceedings until the conclusion of arbitration. As such, the August 17th Order was interlocutory in nature and therefore not appealable under Section 16(a)(3). *See* ECF No. 27*; see also Blair v. Scott Specialty Case*, 283 F.3d 595, 598-99 (3d Cir. 2002); *Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d 360, 363 (2nd Cir. 2003) ("Courts should be aware that a dismissal renders an order appealable under [FAA] § 16(a)(3), while the granting of a stay [or other intermediary action] is an unappealable interlocutory order under § 16(b).") (citations omitted).

In any event, even if the Magistrate Judge's Order did effectively dismiss all the claims against Ostrander, the claims against Jones would remain intact. *See* ECF No. 1 and 24. Consequently, it was impossible for the August 17th Order to constitute a final judgment within the meaning of Section 16 with the claims against Jones still pending.[14] Thus, under

---

[13] *See Green Tree Fin. Corp.-Ala*, 531 U.S. at 86 ("Section 16(a)(3), however, preserves immediate appeal of any 'final decision with respect to an arbitration,' regardless of whether the decision is favorable or hostile to arbitration.").

[14] Jones could not assert rights under the Smith-Bayside contract as he was not a party, agent, or intended beneficiary of that contract. As such, the claims against Jones must continue as a judicial proceeding at the conclusion of arbitration if not otherwise resolved.

well-established precedent, the Magistrate Judge's Order compelling arbitration is an interlocutory order for the purposes of the FAA, and is therefore, unreviewable except as otherwise provided under section 1292(b) of title 28. *See Green Tree Fin. Corp-Ala.*, 531 U.S. at 86; *R and C Oilfield Services LLC v. American Wind Transport Group LLC*, 45 F. 4th 655, 660 (3d Cir. 2022); *Psara Energy, Limited v. Advantage Arrow Shipping, L.L.C.*, 946 F.3d 803 (5th Cir. 2020).

Accordingly, because the Court finds that the Smiths do not have a right to appeal, they may not file an appeal outside of the specific procedures set forth in Section 1292(b). *See Langere v. Verizon Wireless Servs, LLC*, 983 F.3d 1115, 1123 (9th Cir. 2020) ("1292(b) provides the *sole* route for immediate appeal of an order staying proceedings and compelling arbitration.") (emphasis in the original). As such, the plaintiffs' motion for extension of time to file the notice of appeal is denied as moot.

### B.  The Certificate of Appealability is Denied

Because the Smiths do not have a right to appeal the Magistrate Judge's August 17th Order, the Court will now consider whether certifying the Order, specifically, the third-party beneficiary issue, is appropriate in these circumstances.

In their Motion to Certify, the Smiths argue that all three of the criteria for certification are met: (1) the issue involves a controlling question of law; (2) there are substantial grounds for difference of opinion; (3) an immediate appeal will materially advance litigation. (ECF No. 28.) As to the first prong, the Smiths maintain that an issue is controlling if an incorrect disposition would constitute reversible error. *Id.* at 4. According to the Smiths, because an incorrect disposition about the appropriate forum would constitute reversible error, the question of whether these claims should proceed to arbitration is a controlling question of law. *See id.*

Regarding the second prong, the Smiths assert that a substantial ground for difference of opinion exists as to whether Ostrander constitutes a third-party beneficiary. *Id.* at 6. The Smiths assert that the Magistrate Judge failed to apply the test set out in Section 302 of the Second Restatement of Contracts—a test which is binding substantive law in the Virgin Islands. *See id.* Therefore, the Smiths conclude that there is a substantial difference of opinion

regarding what legal standard to apply for third-party beneficiaries in this case. *See id.* at 6-7.

Finally, the Smiths claim the third prong is satisfied because resolving the issue now would allow the parties to proceed straight to judicial proceedings rather than go through the burdensome process of arbitration and appeal, and only then, begin the judicial proceedings.

### i.      *Controlling Issue of Law*

An issue involves a controlling question of law if either "(1) an incorrect disposition would constitute reversible error if presented on final appeal or (2) the question is 'serious to the conduct of the litigation either practically or legally.'" *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701, 705 (M.D. Pa. 2009) (quoting *Katz*, 496 F.2d at 747). Additionally, the courts have determined that a controlling issue of law must be a question of pure law, not a mixed question of law and fact. *See Link v. Mercedes-Benz of N. Amer., Inc.*, 550 F.2d 860, 863 (3d Cir. 1977) ("28 U.S.C. 1292(b) is not designed for review of factual matters but addresses itself to a 'controlling question of law.'") (quoting *Johnson v. Alldredge*, 488 F.2d 820, 822-23 (3d Cir. 1972)).

The Smiths fail to satisfy the controlling issue of law requirement. The "question of whether someone is a third-party beneficiary to a contract is a mixed question of law." *Halliday v. Great Lakes Ins. SE*, Civ No. 18-cv-72, 2019 WL 3500913, at *15 (D.V.I. Aug. 1, 2019) (quoting *Sanchez v. Innovative Tel. Corp.*, Civ No. 2005-45, 2007 WL 4800351 at *2 (D.V.I. Nov. 30, 2007)). The specific question which the Smiths seek to certify for appeal is "whether the arbitration agreement requires arbitration of all claims against Mr. Ostrander individually." (ECF No. 28 at 2, 4.) The question of whether the arbitration agreement applies to Ostrander necessarily would require the Third Circuit to review the factual intricacies of the case and Ostrander's relationship to Bayside and the Smiths, in particular. Accordingly, the Third Circuit could not dispose of the proposed issue cleanly without wading into the factual minutia of the case. *See United States ex rel. Michaels v. Agape Senior Cmty, Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) ("§1292(b) review may be appropriate where 'the court of appeals can rule on a pure, controlling question of law without having to delve beyond the

surface of the record in order to determine the facts.") (quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)); *see also Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000) ("[T]he question of the meaning of a contract though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind either."). As such, the issue the Smiths seek to certify is not a pure question of law and therefore does not constitute a controlling issue of law.[15]

### ii.     *Substantial Ground for Difference of Opinion*

The Court also finds that there are no substantial grounds for difference of opinion. "A substantial ground for difference of opinion exists when there is a genuine doubt or conflicting precedent as to the correct legal standard." *Juice Ent., LLC v. Live Nation Ent., Inc.*, 353 F. Supp. 3d 309, 313 (D.N.J. 2018). Mere disagreement with the district court's ruling does not constitute a substantial ground for disagreement. *See Couch v. Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010); *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996). However, mere disagreement is all that exists in this case.

The Smiths, nevertheless, argue that they have met their burden. They aver that when the Magistrate Judge found that the parties agreed to arbitrate the dispute, she failed to "evaluate the factors in Section 302 of the Restatement (Second) of Contracts concerning third party beneficiaries," ECF No. 36 at 4, which states:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

---

[15] While the Court acknowledges that a challenge regarding the appropriate test for third-party beneficiary status is a question of law, the appropriate standard is not the exclusive issue the parties want reviewed. *See Sanchez*, 2007 WL 4800351 at *2. As evidenced in their request for certification, the Smiths also want the Third Circuit to resolve the factual question of whether Mr. Ostrander satisfies the requirements of a third-party beneficiary under Virgin Islands law. Therefore, the issue is necessarily a mixed question of law and fact. *See Juice Ent., LLC*, 353 F. Supp. 3d at 312-13 ("although a question appears to be a controlling question of law, questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of section 1292(b)").

> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary

*Lopez v. Renaissance St. Croix Carambola Beach Resort & Spa*, SX-16-CV-381, 2019 WL 948416, at *4-5 (V.I. Super Ct. Jan 23, 2019) (quoting Restatement (Second) of Contracts § 302). Despite their contentions, the Smiths fail to point to any portion of the Magistrate's Order that conflicts with Section 302 of the Restatements. Although the Magistrate Judge did not expressly set out the test in Section 302 for third-party beneficiaries, there is no indication she applied a different test. In fact, her opinion provides clear evidence to the contrary. In determining the requirements for third-party beneficiary status, Judge Miller quoted from *Suid v. Law Offs. of Karin A. Bentz, P.C.*, which itself referred to Section 302 as the test for third party beneficiaries. *See* ECF No. 27 at 10 ("a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties . . . [and] the circumstances indicate that the promise intends to give the beneficiary the benefit of the promised performance."). Thus, Judge Miller did not rely on some new test or standard for third-party beneficiaries, but instead, simply applied Virgin Islands precedent that had already applied Section 302 in an analogous context. Therefore, by the Court's estimation, there is no genuine dispute as to precedent or the appropriate legal standard to apply. The plaintiffs are merely challenging Judge Miller's application of Section 302 to the facts of this case.[16] Accordingly, the second criterion does not support certification. *See Couch*, 611 F.3d at 633 ("That settled law might be applied differently does not establish a substantial ground for difference of opinion.") (citations omitted).

### iii.    *Materially Advances the Ultimate Termination of Litigation*

---

[16] Additionally, the Smiths contend that the Magistrate Judge failed to identify any implied or express consent in the contract to make Mr. Ostrander a third-party beneficiary of the arbitration agreement between Bayside and Plaintiffs." (ECF No. 28 at 6.) Even assuming, arguendo, that was true, such a challenge is a factual question, and therefore, would not be appropriate for interlocutory review pursuant to Section 1292(b). *See supra* i. *controlling question of law.* Consequently, the issue necessarily does not involve a difference of opinion as to precedent or the appropriate legal standard.

Finally, despite the Smiths' insistence that certifying the third-party beneficiary issue for immediate review would save the parties substantial time while also materially advancing the case, the Court is not convinced. *See* ECF No. 28 at 8-9.

In order for an interlocutory appeal to materially advance litigation, the resolution of the issue on appeal must either: "(1) eliminate the need for trial [or at least advance the time for trial], (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994); *L.R. v. Manheim Tp. Sch. Dist.*, 540 F. Supp. 2d 603, 613 (E.D. Pa. 2008); *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 54 (S.D.N.Y. 1998) ("An immediate appeal is considered to advance the ultimate termination of the litigation if that 'appeal promises to advance the time for trial or to shorten the time required for trial.'") (quoting 16 Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 3930 p. 432 (2d ed. 1996). The Smiths' proposed issue does not satisfy any of these possible options. If the issue is taken up on appeal, there would still be a need for a trial regardless of the outcome.[17] Additionally, the appeal would not simplify the issues or reduce the cost of discovery in the case given that the question of whether the case should proceed to arbitration does not impact the merits of the claims themselves. The appeal also would likely not advance the timing of trial. According to the AAA internal statistics, their arbitration proceedings take, on average, less than a year to complete. Conversely, other district courts have previously noted that the time from the district court's certification for interlocutory review to the Third Circuit's decision in those cases often approach, or even exceed, one year. *See e.g.*, *Piazza v. Major League Baseball*, 836 F. Supp. 269, 271 (E.D. Pa. 1993). Moreover, if the Court of Appeals were to grant rehearing *en banc*, or the Supreme Court were to grant *certiorari*, the delay would be considerably longer. Therefore, no matter whether there is a successful appeal, the trial in this matter would only delay arbitration and not materially advance the litigation in any sense. *See*

---

[17] There would still be a need for trial in this case because the claims against Jones would still be pending regardless of whether the Third Circuit ultimately determined that the claims against Ostrander must go through arbitration.

*Anderson v. Hansen*, Civ. No. 4:20-cv-991, 2021 WL 4061068, at \*4 (E.D. Mo. Sept. 7, 2021)[18] (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 22) ("Congress's clear intent" when enacting the FAA was "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible."). Consequently, the third criterion to certify an issue for appeal is also not met.

Thus, because the Smiths' proposed issue fails to meet the criteria for certification, the Court will deny their motion to certify the Magistrate Judge's Order for interlocutory appeal.

### C. The Motions to Stay Arbitration are Denied

In addition to seeking an appeal of the Magistrate Judge's Order compelling arbitration, the Smiths also seek to stay the upcoming arbitration proceedings until the Third Circuit decides the merits of their appeal. *See* ECF Nos. 36 and 44. As noted above, there are four factors to consider before the Court may issue a stay—"(1) whether the [moving party] has made a strong showing of the likelihood of success on the merits; (2) will the [moving party] suffer irreparable injury absent a stay; (3) would a stay substantially harm other parties with an interest in the litigation; and (4) whether a stay is in the public interest." *In re Revel Ac, Inc.*, 802 F.3d at 565 (citing *Westinghouse Elec. Corp.*, 949 F.2d at 658). The Smiths contend that all four requirements for the issuance of a stay are met. *See* ECF Nos. 36 and 44.

First, the Smiths argue that their claim on appeal is likely to succeed on the merits because the Magistrate Judge did not identify any implied or express consent in the contract to make Ostrander a third-party beneficiary, and also failed to apply binding Virgin Islands precedent in this case; specifically, Section 302 of the Restatements (Second) of Contracts concerning third party beneficiaries. (ECF No. 36 at 5.)

Next, the Smiths assert that forcing the parties to arbitrate, while the Order compelling arbitration is on appeal, would cause irreparable harm. *Id.* at 5. In particular, the

---

[18] The Court in *Hansen* explained that: "[a]s it stands, the case will effectively be stayed pending the Eighth Circuit's ruling on Defendant's appeal while Katherine Anderson can proceed with arbitration on her tortious interference claim. Certification of appeal as to this Court's decision to compel arbitration on Count V would only delay arbitration and not materially advance the litigation in any sense." 2021 WL 4061068, at \*4. Thus, similar to this case, an appeal would only delay pending arbitration while also failing to resolve any claims or advance the litigation itself.

Smiths contend that if their appeal is successful, they will have been forced to spend substantial time and resources in arbitration proceedings despite that they were never required to submit to arbitration in the first place. *Id.* Therefore, the Smiths assert they would suffer unnecessary costs that can be avoided if the arbitration proceedings are stayed pending appeal. Conversely, they allege that Ostrander would suffer no irreparable harm if the proceedings were to be stayed. *See id.* at 5-6.

Lastly, the Smiths maintain that staying arbitration is in the public interest because public policy favors preserving contracting parties' ability to rely on the terms of their agreements. (ECF No. 36 at 6.) The Smiths contend that this public policy goal would be undermined if they are potentially subject to arbitration proceedings that were never agreed upon. *See id.* Therefore, the Smiths conclude that it is essential to stay the arbitration proceedings until the Third Circuit determines definitively whether the claims are subject to arbitration in order to preserve the integrity of contracting rights. *Id.*

### i.      The Smiths Failed to Show a Likelihood of Success on the Merits

As to the first factor the Court must consider before granting a stay, the Smiths argument has seemingly no possibility of success on the merits. As the Court noted above, the Smiths are not entitled to a right of review of the Magistrate Judge's non-final Order under section 1291(a) or Section 16 of the FAA. Therefore, the only way the Smiths could have obtained immediate review, let alone a favorable decision on the merits, is if this Court granted a certificate of appealability. Given that the Court has denied the Smiths' Motion for a Certificate of Appealability, the plaintiffs have no avenue to seek immediate appellate review. Accordingly, the chance of success on the merits is seemingly impossible. As such, this factor weighs heavily in favor of denying a stay.

### ii.      The Smiths Likely Will Not Suffer Irreparable Harm

Even assuming arguendo that the Smiths could seek immediate appeal and ultimately succeed on the merits, they would not suffer irreparable harm by having to proceed to arbitration at this juncture. Despite the Smiths' assertion to the contrary, the Third Circuit has made plain that no irreparable harm occurs when a court compels arbitration, even if such an order is ultimately erroneous. *See Zosky v. Boyer*, 856 F.2d 554, 561 (3d Cir. 1998)

(citing *Stateside Mach. Co. v. Alperin*, 526 F.2d 480, 483-84 (3d Cir. 1975) ("[T]he harm which may result from denial of the motion [to stay arbitration] hardly seems irreparable."). Although subjecting the parties "to the expense of obtaining an arbitration award that ultimately proves to be unenforceable as wrongly ordered" is unfortunate, "the prospect is not so grim as to justify departing from the general rule disfavoring piecemeal appeals." *Id.* (citing *New Eng. Power Co. v. Asiatic Petro. Corp.*, 456 F.2d 183, 189 (1st Cir. 1972); *see also Stateside Mach. Co.*, 526 F.2d at 484.

Given that neither of the first two stay factors favor, let alone strongly favor, the Smiths, the Court need not inquire further into the balance of harms or the public interest before denying the Smiths' motions for a stay. *See In re Revel AC, Inc.*, 802 F.3d at 571. ("'if the movant does not make the requisite showings on either of these [first] two factors, the [] inquiry into the balance of harms [and the public interest] is unnecessary, and the stay should be denied without further analysis.'") (alterations in the original) (quoting *In re Forty-Eight Insulations*, 115 F.3d 1294, 1300-01 (7th Cir. 1997)). Therefore, because the Smiths will not suffer irreparable harm and their likelihood of success on the merits is negligible, the Court will deny the Smiths' motions to stay.

## IV.    CONCLUSION

The Smiths are neither entitled to an appeal or a stay of the arbitration proceedings at this time. The Smiths do not possess a right to appeal because the Magistrate Judge's August 17th Order was a non-final decision compelling arbitration. As such, the plaintiffs may not seek appellate review under 28 U.S.C. § 1291 or 9 U.S.C. § 16 of the FAA at this current juncture. The Court also finds that the Smiths may not seek interlocutory review because they fail to demonstrate that the Section 1292(b) factors are met.

Therefore, because the Smiths will almost certainly fail to obtain an appeal and are unlikely to suffer irreparable harm from proceeding to arbitration, the Court finds that there is also no basis to stay the arbitration proceedings. An accompanying order of even date will follow.

**Dated:** March 14, 2023                          */s/ Robert A. Molloy*
                                                                 **ROBERT A. MOLLOY**
                                                                 **Chief Judge**