**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| JEFFREY M. SMITH and SARAH A. SMITH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-0010 |
| ) | |
| BRIAN OSTRANDER and NORMAN JONES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ATTORNEYS:**

**DAVID J. SHLANSKY, ESQ.**
SHLANSKY LAW GROUP, LLP
CHELSEY, MASSACHUSETTS
   *FOR PLAINTIFFS JEFFREY AND SARAH SMITH*

**CHRISTOPHER ALLEN KROBLIN, ESQ.**
KELLERHALS FERGUSON KROBLIN PLLC
ST. THOMAS, U.S. VIRGIN ISLANDS
   *FOR PLAINTIFFS JEFFREY AND SARAH SMITH*

**DAVID J. CATTIE, ESQ.**
THE CATTIE LAW FIRM, P.C.
ST. THOMAS, U.S. VIRGIN ISLANDS
   *FOR DEFENDANT BRIAN OSTRANDER*

**CHARLOTTE K. PERRELL, ESQ.**
DUDLEY NEWMAN FEUERZEIG LLP
ST. THOMAS, U.S. VIRGIN ISLANDS
   *FOR DEFENDANT NORMAN JONES*

## MEMORANDUM OPINION

**MOLLOY, Chief Judge.**

**BEFORE THE COURT** is Defendant Norman Jones' ("Jones") Motion to Dismiss Plaintiffs' Complaint or, in the Alternative, for a Stay of the Matter. (ECF No. 24.) For the reasons stated below, the Court will deny Jones' motion to dismiss.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

*Smith, et al. v. Ostrander, et al.*
Case No. 3:21-cv-0010
Memorandum Opinion
Page 2 of 13

The Plaintiffs Jeffrey M. Smith and Sarah A. Smith (the "Smiths") are the owners of a vacation villa in Botany Bay, St. Thomas, Virgin Islands.[1] (ECF No. 1 at 3.) Defendant Norman Jones is an attorney. *Id.* Jones' codefendant, Brian Ostrander ("Ostrander"), is the President of Ostrander Insurance, LLC as well as the owner and managing member of Bayside Construction, LLC ("Bayside"). *See id.* Jones and Ostrander also jointly owned the company Cat 5 Solutions, LLC ("Cat 5 Solutions"), an entity that provided insurance services prior to its dissolution. *Id.*[2]

During the month of September 2017, Hurricanes Irma and Maria passed through St. Thomas causing significant damage to the Smiths' vacation property. *Id.* Following the hurricanes, the Smiths retained Jones as their attorney to assist them in filing an insurance claim on the property. (ECF No. 1 at 3.) Jones then introduced the Smiths to Cat 5 Solutions and Ostrander to help the Smiths with the insurance claim process. Ostrander and Jones, operating as Cat 5 Solutions, subsequently prepared and submitted an insurance claim on the Smiths' behalf. *Id.* at 4. The Smiths' insurer agreed to pay $738,516.83 to cover the losses resulting from the hurricane damage. *Id.* The Smiths paid $43,978 of the proceeds to Cat 5 Solutions for procuring the settlement with the insurance company. *See id.*

According to the Smiths, following the settlement, Jones "highly recommended" that Bayside Construction—Ostrander's company—make the repairs to the vacation property. The Smiths allege that Jones erroneously claimed Bayside was licensed in the Virgin Islands and had completed "high-end construction work." (ECF No. 1 at 5.) Moreover, the Smiths claim not only did Jones make misleading representations about Bayside's credentials, but Jones also dissuaded the Smiths from contracting with Mrs. Smith's brother to complete the repairs because, unlike Bayside, Mrs. Smith's brother lacked a local license as well as the knowledge and expertise to complete a high-end construction project in the Virgin Islands.

The Smiths allege that based on these representations, they ultimately contracted with Bayside to make the repairs and improvements on the property.[3] *Id.* at 6.

---

[1] The property at issue is Consolidated Parcel 1-2-A, Botany Bay, St. Thomas, U.S. Virgin Islands 00802.

[2] Cat 5 Solutions is no longer an active business and has been dissolved. *See* ECF No. 1 at 4.

[3] Jones has no ownership interest in Bayside.

A few months after Bayside started the project, a dispute arose because the Smiths were dissatisfied with the quality of Bayside's work and ultimately refused to pay for the work that Bayside had already completed. (ECF No. 1 at 12-14.) The dispute eventually resulted in Bayside filing a lawsuit against the Smiths. *See Bayside Construction, LLC v. Smith*, 3:19-cv-00029, (ECF No. 1.) The Complaint asserted that: (1) Bayside had the right to foreclose on a valid construction lien in the amount of $ 382,097.53; (2) the Smiths were in breach of contract by refusing to pay for the work Bayside completed; (3) and the Smiths were unjustly enriched by receiving the benefits of Bayside's labor without compensating the company for the services rendered. *See id.* The Smiths filed a counterclaim against Bayside asserting a breach of contract due to, what they said was, overpayment for the work performed. *See id.* at ECF No. 7. The Smiths and Bayside proceeded to arbitration to resolve their respective claims. *See Bayside Construction, LLC v. Smith*, 3:20-cv-00117, (ECF No. 1.)

On October 1, 2020, the arbitrator entered a final arbitration award. *See id.* The arbitrator found the Smiths had "breached the agreement by not allowing Bayside to continue its work after December 3, 2018[,] and later by declaring Bayside in default on March 5, 2019, without allowing [Bayside] time to cure the alleged default." *Id.* at ECF No. 1-1 at 5. As a result, the arbitrator determined Bayside was entitled to $273,714.28.[4] *Id.* However, the arbitrator noted that some of Bayside's work was "shoddy" and would need to be redone. *Id.* at 6. Consequently, he reduced the final arbitration award to $242,253.46. *Id.* On August 18, 2021, the Court entered a judgment confirming the arbitration award. *See id.* at ECF No. 20.[5]

In addition to the Smith-Bayside case, the Smiths also filed the instant suit against Jones and Ostrander in their individual capacities on January 22, 2021. (ECF No. 1.) According to the Smiths, Ostrander and Jones both breached their fiduciary duty to the plaintiffs by using information obtained for the purpose of filing the insurance claim to

---

[4] The $273,714.28 accounted for the two payments that the Smiths failed to pay prior to declaring Bayside in default.

[5] The Smiths appealed the district court's judgment which the Third Circuit affirmed on August 1, 2022. *See Bayside Construction, LLC v. Smith*, No. 21-2716, 2022 WL 2593303 (3d Cir. July 8, 2022).

fraudulently induce the couple into engaging Bayside, a company the Smiths claim was not qualified to perform the work on their property and overcharged them for substandard repairs and improvements. *Id.* at 15-17. In light of these allegations, the Smiths currently assert three claims in the above captioned case. As to both Ostrander and Jones, they allege fraudulent inducement and breach of fiduciary duty. *Id.* As to Ostrander, the Smiths also allege "illegal conduct." *Id.*

On July 12, 2021, Jones filed the instant motion to dismiss the Smiths' claims against him. (ECF No. 24.) Jones argues that the claims are precluded under either the theory of claim or issue preclusion. *See id.* at 2. Alternatively, Jones contends that the Complaint fails to state a claim because the Smiths do not assert any actual damages. *Id.*

The Smiths responded to Jones' motion to dismiss on July 26, 2021. (ECF No. 25.) The Smiths aver that Jones may not assert a claim preclusion defense because, *inter alia*, he was not a party or privy to the earlier proceedings between the Smiths and Bayside. *See id.* The Smiths also oppose dismissal under Jones' collateral estoppel theory because the issues in this case are not identical to the issues in the Smith-Bayside proceedings, and therefore, the issues in this case have not actually been litigated. *See id.* at 8. Lastly, the Smiths address Jones' claim that no actual damages exist by arguing that even if the arbitration award made them whole as to the contract, the plaintiffs still suffered additional damages beyond the contract such as attorney fees and additional costs to redo work on the vacation property. *See id.* at 4. Accordingly, the Smiths claim they have not been made whole, and therefore, may still assert a claim against Jones. *See id.*

## II. LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff*." In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must "accept as true all the factual allegations contained in the complaint" and draw all reasonable inferences in favor of the non-moving party. *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir. 2014). "In deciding a Rule 12(b)(6) motion, a court

must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon th[ose] documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Jones argues that the Smiths' claims are barred under a preclusion defense. Claim preclusion and issue preclusion are "affirmative defenses that may properly be raised in a Rule 12(b)(6) motion when their applicability is apparent on the face of the complaint." *Titan Med. Grp., LLC v. Virgin Islands Gov't Hosps. & Health Facilities Corp.*, No. CV 2018-0056, 2021 WL 6072580, at *2 (D.V.I. Dec. 23, 2021) (citing *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997)). If a preclusion defense is not "apparent on the face of the complaint," a motion to dismiss must either be denied or must be converted into a motion for summary judgment to provide the parties "an opportunity to present relevant material." *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 280 (3d Cir. 2016) (claim preclusion); *see also Kauffman v. Moss*, 420 F.2d 1270, 1274 (3d Cir. 1970) (issue preclusion). Moreover, given that claim and issue preclusion both pose a risk of erroneously denying parties a chance for their claims to be heard on the merits, reasonable doubts about the application of these preclusion doctrines should be resolved against their use. *See DVI Receivables XIV, LLC v. Nat'l Med. Imaging*, LLC, 529 B.R. 607, 617 (E.D. Pa. 2015); *see also Taylor v. Sturgell*, 553 U.S. 880, 893 (2008) ("The application of claim and issue preclusion to nonparties runs up against the "deep-rooted historic tradition that everyone should have his own day in court.") (citation omitted).

When reviewing the preclusive effects of a prior federal court action, federal courts apply federal common law principles.[6] Therefore, because the prior federal court action relied on diversity jurisdiction, the territorial preclusion standards, as opposed to the federal preclusion standards, apply. *Semtek Intern. Inc. v. Lockeheed Martin Corp.*, 531 U.S. 497, 508 (2001) ("[I]ndeed, nationwide uniformity in the substance of the matter is better served by having the same claim-preclusive rule (the state rule) apply whether the dismissal has been

---

[6] *See Burlington N. R.R. Co. v. Hyundai Merch. Marine Co., Ltd.*, 63 F.3d 1227, 1231 (3d Cir. 1995) ("[W]e apply federal common law principles of issue preclusion since we are examining the issue preclusive effect of a prior federal court action.").

ordered by a state or a federal court. This is, it seems to us, a classic case for adopting, as the federally prescribed rule of decision, the law that would be applied by state courts in the State in which the federal diversity court sits."); *see also Radovich v. L.P. YA Global Investments, L.P.*, 570 Fed. App'x 203, 206 (2014). For federal court judgments in suits based on diversity jurisdiction, federal law requires us to look to the rules of preclusion of the state where the court that rendered the first judgment sat.[7]

### III. DISCUSSION

Jones seeks to dismiss the two claims against him under the theory that the claims are barred by the doctrines of claim and issue preclusion.[8] (ECF No. 24.) Alternatively, Jones argues that even if he cannot assert a preclusion defense, the Smiths' claims still fail to overcome a Rule 12(b)(6) motion because their claims lack damages that this Court may remedy. *See id.* at 11. Jones contends that the Smiths were made whole by the Smith-Bayside arbitration proceedings, and therefore, there are no outstanding damages left to litigate. *See id.* Accordingly, Jones concludes the action against him cannot survive due the plaintiffs' failure to state a claim. *Id.*

#### A. Res Judicata

Claim preclusion, also referred to as res judicata, bars suits when: "(1) the prior judgment was valid, final, and on the merits; (2) the parties in the subsequent action are identical to or in privity with the parties in the prior action; and (3) the claims in the subsequent action arise out of the same transaction or occurrence as those in the prior action." *Stewart v. Virgin Islands Board of Land Use Appeals*, 66 V.I. 522, 533 (2017). The central purpose of the claim preclusion doctrine is to ensure that plaintiffs present all their claims in a single suit and thus relieve parties "from the expense and vexation attending multiple lawsuits" while also "'foster[ing] reliance on judicial action by minimizing the

---

[7] The Plaintiffs' complaint in the prior proceeding relied on diversity jurisdiction. *See Bayside Construction, LLC v. Smith*, 3:19-cv-00029, (ECF No. 1 at 1.)

[8] Jones makes an alternative argument for the Court to consider if it deems the arbitration award in the Smith-Bayside proceedings is not final. *See* ECF No. 24 at 9. Given that the Court has since issued a judgment in that case, *see Bayside Construction, LLC v. Smith*, 3:20-cv-00117, at ECF 20, the Court finds there is conclusive evidence that the arbitration award is final. Accordingly, Jones' alternative argument requesting a stay until the conclusion of the Smith-Bayside arbitration proceedings is effectively moot.

possibility of inconsistent decisions."' *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979) (citations omitted); *accord Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014). Accordingly, claim preclusion "bars a claim litigated between the same parties or their privies in earlier litigation where the claim arises from the same set of facts as the claims adjudicated on the merits in the earlier litigation." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014); *Titan Medical Group, LLC, 2021 WL 6072580 at \*2.* Additionally, the doctrine also prohibits a party from bringing claims that could have been brought in a previous action. *See id.* (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002));

Jones' first argument is that, in light of the proceedings in *Bayside Construction, LLC v. Smith*, 3:19-cv-00029, the Smiths' claims against him are precluded by the claim preclusion doctrine. (ECF No. 24.) Jones asserts that the three elements for a claim preclusion defense are satisfied because: (1) the arbitration award in the Smith-Bayside proceedings was a final judgment; (2) Jones was privy to the Smith-Bayside proceedings because the Smiths' current claims against him are wholly derivative of the Smiths' counterclaim against Bayside; and (3) the current proceedings are based on the same cause of action given that substantially similar underlying facts are at issue in this case. *See* ECF No. 24.

Despite Jones' contentions, he fails to establish all the requirements necessary to assert a claim preclusion defense, in particular, the party or privity requirement. Jones was not a named party to the prior action between the Smiths and Bayside. *See Bayside Construction, LLC v. Smith*, 3:19-cv-00029. Therefore, the only avenue for Jones to establish claim preclusion is if he was in privity with Bayside. While privity for the purposes of claim preclusion extends beyond mere contractual privity, the nonparty still must demonstrate that at least one of six exceptions to the rule against nonparty preclusion exists in order to invoke the preclusion doctrines. *Taylor*, 553 U.S. at 893-95; *see also Monahan v. New York City Dept. of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000) (noting that "literal privity is not a requirement for res judicata to apply."). Nonparty preclusion may only be permitted if one of the following apply: (1) "[a] person who agrees to be bound by the determination of issues in an action between others is bound in accordance with the terms of his agreement;" (2)

*Smith, et al. v. Ostrander, et al.*
Case No. 3:21-cv-0010
Memorandum Opinion
Page 8 of 13

there is a "substantive legal relationship between the person to be bound and a party to the judgement"; (3) a nonparty is "adequately represented by someone with the same interest who [wa]s a party to the suit"; (4) the nonparty "'assumed control' over the litigation in which the prior judgment was rendered"; (5) the nonparty is the "designated representative of a person who was a party to the prior adjudication"; (6) a special statutory scheme exists which "expressly forecloses successive litigation by nonlitigants." *Taylor*, U.S. at 893-95 (citations and internal quotations omitted).

Here, Jones does not allege that he was in privity to Bayside in the earlier litigation nor is there any evidence to support such a conclusion.[9] None of the six exceptions apply to Jones' case. Jones never entered into an agreement to be bound by the Smith-Bayside proceedings. Jones did not assume control over Bayside's representation in the prior litigation, nor is Jones acting as a designated representative for Bayside in these current proceedings. Additionally, Jones' legal interests were not at issue in the prior proceeding. As previously noted, the Smiths-Bayside arbitration involved an alleged breach of contract that Jones was not a party to. The outcome of those proceedings had no impact on either Jones' legal or financial interests. Therefore, Bayside could not have adequately represented Jones in the prior proceedings when he was not bound by the outcome of those proceedings.

As to the remaining factors, Jones did not have a qualifying substantive legal relationship with Bayside such as a succeeding owner or an assignee/assignor relationship.[10] The only connection between Jones and Bayside is that Jones formerly owned Cat 5 with Ostrander—Bayside's owner. Lastly, Jones fails to point to any statutory scheme that would preclude the Smiths from filing successive litigation here. Therefore, because none of the six narrow exceptions to the rule against nonparty preclusion apply, Jones was not privy to the prior litigation.

---

[9] Jones merely argues that the claims against him are wholly derivative of the claims against Bayside. (ECF No. 24 at 5-6.) However, Jones fails to articulate how the alleged derivate nature of the Smiths' claims satisfies the privity requirement necessary for asserting a claim preclusion defense.

[10] Since Jones has opposing interests to the Smiths in the current litigation, his relationship with them is irrelevant for the purposes of the third exception to the prohibition against nonparty preclusion. *See Taylor*, U.S. at 894.

*Smith, et al. v. Ostrander, et al.*
Case No. 3:21-cv-0010
Memorandum Opinion
Page 9 of 13

Moreover, even assuming *arguendo* Jones did in fact have a sufficiently close relationship to Bayside to meet the privity requirement, he still could not invoke the claim preclusion doctrine. The prior proceedings were arbitration proceedings subject to an arbitration clause provision in the Smith-Bayside contract. *See Bayside Construction, LLC v. Smith*, AAA Case No. 01-19-0002-6904. Jones does not allege that he was a party to the Smith-Bayside contract or that some other non-signatory exception applies*. See E.I. Dupont de Nemours and Co. v. Rhone Poulenc Fiber and Resin intermediates, S.A.S.*, 269 F.3d 187, 194 (3d Cir. 2001) (noting there are several ways in which even non-signatories can be bound by an arbitration clause in a contract). Therefore, since Jones never agreed to the contract, or the arbitration clause contained therein, the Smiths' claims against Jones fell outside the scope of the arbitration clause. Consequently, even if the Smiths wanted to, they could not have asserted the claims against Jones during the previous arbitration. *See AT&T Tech., Inc. v. Comms. Workers of Am.*, 475 U.S. 643, 648 (1986) ("arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.") (internal quotations and citations omitted). Accordingly, because the current claims were not, and could not have been, brought against Jones without his consent, they cannot be barred by the claim preclusion doctrine. *See Stewart*, 66 V.I. at 531 ("Res judicata, also known as claim preclusion, precludes relitigation of 'any claims that were raised or could have been raised in a prior action.'") (citation omitted); *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988) ("Claim preclusion prevents a party from prevailing on issues he might have but did not assert in the first action.") (emphasis added); *cf. Hesketh*, 828 F.3d at 174 ("Relevant for our purposes is the equitable exception that applies where '[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action.'") (citations omitted); *see also Application of res judicata to give preclusive effect to arbitral awards*, 8 Bruner & O'Connor Construction Law § 21:271 ("If the claim falls outside the scope of the parties' arbitration agreement, then by definition it could not have brought in the arbitration proceeding and, therefore, could not be subject to the doctrine of res judicata.").

### B. Collateral Estoppel

"Collateral estoppel, also known as issue preclusion, 'precludes relitigation of any issues of law and issues of fact…conclusively determined in a prior action.'" *Stewart*, 66 V.I. at 547 (quoting *Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010) (additional internal citation omitted).[11] The doctrine is designed to ensure that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Burlington N. R.R. Co.*, 63 F.3d at 1232 (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)) (internal quotations omitted); *accord Stewart*, 66 V.I. at 547. The main difference between claim preclusion and collateral estoppel is that "[claim preclusion] forecloses all issues that could have been litigated while collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit." *In re Hawkins*, 231 B.R. 222, 231 (D.N.J. 1999) (internal citations and quotations omitted); *accord Stewart*, 66 V.I. at 550. A party may invoke the defense of collateral estoppel when:

> (1) the issue to be barred is identical to an issue actually and necessarily decided in the prior action; (2) the prior action was adjudicated in a decision that was final, valid, and on the merits; (3) the party against whom the doctrine is asserted was a party or in privity with a party to the prior action; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior action."

*Stewart*, 66 V.I. at 549-50.

Jones argument that the claims in this matter are covered under the collateral estoppel is unpersuasive. In order to invoke the defense of collateral estoppel, or issue preclusion, the issues sought to be barred in the current litigation must be "identical" to issues actually litigated in the prior proceedings. *See id.* at 549; *see also In re Bestwall LLC*, 47 F.4th at 243. The issues in these proceedings are not substantially similar, let alone, identical to the issues the arbitrator decided in the Smith-Bayside proceedings. Jones notes one of the

---

[11] "The terms 'issue preclusion' and 'collateral estoppel' have the same meaning. The use of the term 'issue preclusion,' however, has become prevalent in recent caselaw as it creates less confusion regarding its application. *Sellers v. Nat. Mut. Fire Ins. Co.*, 968 F.3d 1267, 1272 n. 3 (11th Cir. 2020) (citing *Taylor*, 553 U.S. at 892).

issues the Smith-Bayside arbitration addressed was whether Bayside was liable for a breach of contract. *See* ECF No. 24 (Exhibit A). Therefore, because that issue was litigated and decided in Bayside's favor, Jones contends that he cannot be held liable because the claims against him are wholly contingent on Bayside's liability. *See id.*

Jones is mistaken. The issue of Bayside's liability is not identical to Jones' liability. For one, the claims against Jones involve entirely different legal standards than the breach of contract counterclaim against Bayside. *See B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 154 (2015) ("'[I]ssues are not identical if the second action involves application of a different legal standard, even though the factual setting of both suits may be the same.'") (quoting 18 C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 4417, p. 449 (2d ed. 2002)).[12] Moreover, Jones certainly may still be liable for fraudulent misrepresentation and breach of fiduciary duty irrespective of whether Bayside was liable for a breach of the Smith-Bayside contract. For example, the elements of fraudulent inducement are "(1) a misrepresentation of fact, opinion, intention or law; (2) knowledge by the maker of the representation that it was false; (3) ignorance of the falsity by the person to whom it was made; (4) an intention that the representations should be acted upon; (5) detrimental and justifiable reliance." *Fitz v. Islands Mech. Contractor, Inc.*, 53 V.I. 806, 826 (D.V.I. 2010) (internal citations and quotations omitted); *see Wilkinson v. Wilkinson*, 70 V.I. 901, 912-13 (2019). Jones could still be liable if he intentionally lied about Bayside's credentials and experience, and the Smiths justifiably relied on those representations to their detriment. Even if Bayside did not violate the terms of the contract, the Smiths could still have been detrimentally harmed because of Bayside's allegedly substandard work and the cost of

---

[12] The elements of a breach of contract under Virgin Islands Law are: "(1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages." *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 621 (2017) (citations omitted). The elements of fraudulent inducement are "(1) a misrepresentation of fact, opinion, intention or law; (2) knowledge by the maker of the representation that it was false; (3) ignorance of the falsity by the person to whom it was made; (4) an intention that the representations should be acted upon; (5) detrimental and justifiable reliance." *Fitz v. Islands Mech. Contractor, Inc.*, 53 V.I. 806, 826 (D.V.I. 2010) (internal citations and quotations omitted); *see Wilkinson v. Wilkinson*, 70 V.I. 901, 912-13 (2019). The elements of a breach of fiduciary duty are: (1) Fiduciary relationship exists; (2) Fiduciary breached the duty imposed by the relationship; (3) Plaintiff must have been harmed; (4) Fiduciary breach was a proximate cause of said harm. *Ebner v. Petrohan*, Case No. ST-14-CV-53, 2018 WL 3996888 at * (V.I. Super. Ct. Aug. 14, 2018) (conducting a *Banks* analysis and adopting this standard as the best rule for the Virgin Islands).

having to redo substantial portions of the work. All of which are potential additional costs that could have been avoided but for Jones' alleged misrepresentations. This example demonstrates the difference between what the arbitrator found and what he did not find. The arbitrator determined that Bayside did not breach the terms of the contract. He did not; however, determine that the Smiths were not determinately harmed by any potential substandard work they received, only that the work Bayside completed complied with the contract.[13]

Thus, the issue of Bayside's liability is not identical to Jones' liability. As such, Jones may not invoke issue preclusion to entirely avoid litigating his liability in this case.

### C. Damages

Jones attempts to argue that because the arbitrator in the Smith-Bayside arbitration reduced the final award, due to some of Bayside's "shoddy" work, that there are no additional damages that the Smiths may recover. (ECF No. 24 at 3.) However, such a theory is plainly wrong. Simply because there may be no damages available from the contract itself does not mean that the Smiths did not suffer any additional damages as a result of Jones' conduct. *See Bankers Tr. Co. v. Pac. Emps. Ins. Co.*, 282 F.2d 106, 110 (9th Cir. 1960), *cert. denied*, 368 U.S. 822 (1961) ("A right of action on a contract and for fraud in inducing plaintiff to enter into such contract may exist at the same time, and a recovery on one of the causes will not bar a subsequent action on the other.") (quoting 50 C.J.S. Judgments § 676, p. 121 (1st ed. 1947)). The Smiths' claims against Jones are claims in tort and therefore are not limited to the damages available in the Smith-Bayside contract. *See Iron Mountain Sec. Storage Corp. v. American Specialty Foods*, Inc., 457 F. Supp. 1158, 1165 (E.D. Pa. 1978). For example, the arbitrator noted that, under the Smith-Bayside contract, Bayside "ends up whole even if the work was substandard." (ECF No. 9-5 at 5.) Therefore, although compensatory damages for Bayside's substandard work might not have been available because of terms of the contract, those damages may still be available in tort where the damages would not be subject to same

---

[13] In the final arbitration award the arbitrator noted that according to the termination clause, Bayside would not be in breach and in fact would be made whole even if the work completed was "substandard." (ECF No. 9-5 at 5.)

constraints. As such, dismissing the Smiths' claims for lack of damages would be inappropriate at the current juncture.

## IV. CONCLUSION

Jones has failed to meet the requirements necessary to invoke the defenses of claim and issue preclusion as he has failed to demonstrate sufficient privity with the parties in the prior litigation and has failed to show that dispositive issues in this proceeding are identical to issues in the prior litigation. Additionally, the Court finds that the Smiths have adequately claimed damages that were not remedied by their prior arbitration proceedings with Bayside.

Therefore, in consideration of the premises, the Court will deny Jones' motion to dismiss without prejudice. The Court will also deny Jones' request for a stay in this matter. An accompanying Order of even date will follow.

**Dated:** March 28, 2023                      /s/ *Robert A. Molloy*
                                               **ROBERT A. MOLLOY**
                                               **Chief Judge**